UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD B.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendants.

Case No. C20-5202 TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court REVERSES and REMANDS defendant's decision to deny benefits.

## ISSUES FOR REVIEW

1. Did the ALJ properly evaluate plaintiff's symptom testimony?
2. Did the ALJ err in determining plaintiff's Residual Functional Capacity ("RFC")?
3. Did the ALJ err in determining that plaintiff could perform past relevant work as generally performed?

## BACKGROUND

On August 8, 2017, plaintiff filed an application for a period of disability and disability insurance benefits alleging an onset date of March 21, 2016. AR 9. Plaintiff's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

application was denied upon initial administrative review and on reconsideration. AR. 9, 83-106. A hearing was held before Administrative Law Judge ("ALJ") Eric S. Basse. AR 33-81. On February 22, 2019, the ALJ issued a written decision finding that plaintiff was not disabled. AR 9-20.

The ALJ found that plaintiff has the severe, medically determinable impairments of spinal impairment(s). AR 12. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform light work that does not require climbing ladders, ropes, and scaffolding. AR 13. The ALJ also found that plaintiff could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. AR 13. The ALJ also determined that plaintiff should avoid concentrated exposure to vibration, extreme cold and hazards. AR 13.

Relying on the plaintiff's testimony and the vocational expert's testimony, the ALJ found that plaintiff's previous work was classified as an industrial arts teacher. AR 18. The ALJ further found that plaintiff was capable of performing work as an industrial arts teacher as the job is generally performed. AR 18. In the alternative, the ALJ found, at step five of the sequential evaluation process, that plaintiff could perform jobs existing in significant numbers in the national economy. AR 18-19. Accordingly, the ALJ determined that plaintiff is not disabled. AR 19.

On March 5, 2020, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

1  supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

2  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

3  reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

4  *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## DISCUSSION

A. <u>Whether the ALJ erred in evaluating plaintiff's symptom testimony</u>

Plaintiff maintains that the ALJ failed to properly credit plaintiff's subjective symptom testimony when formulating plaintiff's RCF assessment. Dkt. 10

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

The ALJ found that claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 14. The ALJ did not present any evidence of malingering. However, the ALJ discounted plaintiff's symptom testimony as inconsistent with medical evidence and other evidence in the record. AR 14. The ALJ stated that plaintiff's examination findings, clinical studies, and work history are inconsistent with any significant worsening of longstanding spinal impairment before

or after this alleged onset date. AR 14. In discounting the plaintiff's symptom testimony, the ALJ reasoned that: (1) plaintiff was able to continue working after his May 2015 injury despite minimal treatment typical of his longstanding impairments; (2) plaintiff reported chronic back pain since 1996, but was able to continue working, hiking, kayaking and motorcycle riding despite the longstanding spinal impairment; (3) plaintiff was able to drive between eastern and western Washington to help his daughter move. (4) plaintiff's minimal degree of treatment before and after the alleged onset date is incompatible with plaintiff's allegations of being unable to work; (5) an independent medical evaluation in June 2015, concluded that an injury to the claimant's back and neck in May 2015 did not aggravate plaintiff's longstanding spinal impairment; (6) plaintiff's spinal impairment appeared to be improving since his alleged onset date.

1) <u>Continued work activity</u>

Regarding the ALJ's first reason for discounting plaintiff's testimony, an ALJ may properly discount a claimant's allegations of disabling limitations by contrasting that testimony with plaintiff's continued work activity. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009). However, the fact that a plaintiff worked despite their impairments, and continued to work despite ongoing symptoms stemming from their condition, can enhance rather than detract from their credibility. *See, Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007) (finding that when a disability claimant attempted to return to work because of economic necessity, "it is at least as likely that the claimant tried to work in spite of his symptoms, not because they were less severe than alleged."). Further, the fact that a claimant attempted to work and failed supports allegations of disabling pain. *Id.* at 1038 ("It does not follow from the fact that a claimant

tried to work for a short period of time and, because of his impairments, failed, that he did not then experience pain and limitations severe enough to preclude him from maintaining substantial gainful employment.")

Here, the ALJ points to the fact that after plaintiff's injury he attempted to work from May 2015 to June 2015 and then again between September 2015 and March 2016 as undermining plaintiff's symptom testimony. AR 15. Plaintiff reported that after his injury in May 2015 he continued to work until June 2015 when school let out for summer vacation. AR 41, 322. Plaintiff reported that he believed that resting and continued treatment would alleviate his pain symptoms. AR 322. Plaintiff reported that after returning to work after the summer break he was so limited that the School District would not allow him to continue working. AR 41, 570.

The fact that plaintiff sought treatment and attempted to work before his alleged onset date does not undermine his testimony of disabling pain after the alleged onset date. Additionally, the fact that plaintiff attempted to work, and his employer would not allow him to continue employment due to his limited capacity to work appears to support plaintiff's testimony rather than contradict it. Accordingly, the ALJ's finding that plaintiff's failed attempt to work before his alleged onset date undermined plaintiff's testimony is not supported by the record and does not constitute clear and convincing reason to discredit plaintiff's pain testimony.

2) Daily activities

Next, the ALJ found that despite plaintiff's reported chronic degenerative spinal condition since 1996, plaintiff was able to continue working, hiking, kayaking,

motorcycle riding, and was able to drive between eastern and western Washington to help his daughter move. AR 14-15

The Ninth Circuit has explained that there are two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether the activities contradict the claimant's other testimony, or (2) whether the activities meet the threshold for transferable work skills. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits).

Plaintiff has reported that after his injury in 2015 he stopped hiking, kayaking, taking long road trips, or motorcycle riding. AR 58, 323, 343, 350, 381, 571. The fact that plaintiff was able to participate in activities before aggravating his injury and before his alleged onset date does not contradict plaintiff's testimony regarding pain symptoms after the aggravating injury. Similarly, plaintiff's participation in these activities before his aggravating injury and alleged onset date do not indicate that plaintiff possessed transferable work skills after the injury.

The ALJ also cites to plaintiff's trip to eastern Washington as undermining plaintiff's claims. AR 15. After driving to eastern Washington and back to help his daughter move, plaintiff experienced increased pain symptoms. AR 348-49. The medical records indicate that after this trip, plaintiff appeared to be in pain, had difficulty with easy exercises in physical therapy, transitioned very slowly between exercises and

moved in a very guarded fashion. *Id.* The fact that plaintiff suffered increased and noticeable pain symptoms after assisting his daughter move is consistent with plaintiff's testimony that sitting for long periods of time or participating in activities without breaks will cause increased pain symptoms for the next few days. AR 41-43. Additionally, plaintiff's one-time activity of assisting his daughter move does not indicate that plaintiff has the capacity for sustained employment, especially considering the increased pain symptoms experienced after the move.

Accordingly, plaintiff's activities prior to his injury and his one-time activity of helping his daughter move, are not clear and convincing reasons for the ALJ to discount plaintiff's testimony.

3) <u>Minimal degree of treatment</u>

Next, the ALJ reasoned that plaintiff's minimal degree of treatment before and after the alleged onset date is incompatible with plaintiff's allegations of being unable to work. AR 14-15.

The ALJ is permitted to consider lack of treatment in a credibility determination, which can serve as a clear, convincing, and specific reason for rejecting plaintiff's subjective testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also* Social Security Ruling ("SSR") 16-3p ("[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."). However, before finding an individual's symptoms inconsistent with the record on this basis, the ALJ must consider the possible reasons the plaintiff is not seeking treatment consistent with the

degree of his or her complaint. SSR 16-3p. Further, a plaintiff's inability to afford or access medical services can be a legitimate reason for not seeking medical treatment. *See*, SSR 16-3p; *Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017) (citing *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)).

Here the record indicates that plaintiff stopped treatment and was unable to seek further medical treatment because his medical insurance would not cover the recommended treatment. AR 343-345, 350, 450, 570, 572. The ALJ's decision does not discuss or consider plaintiff's inability to get insurance coverage for additional treatment as a potential reason for plaintiff's failure to seek treatment consistent with his alleged symptoms. Accordingly, the ALJ erred in failing to consider the fact that plaintiff did not have access to further treatment as a reason for plaintiff's failure to seek treatment.

4) <u>Dr. Brzusek's independent medical examination</u>

The ALJ also concluded that the independent medical examination conducted by Dr. Brzusek contradicted plaintiff's testimony. AR 15.

Inconsistency with objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). However, an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added).

The ALJ cites to a portion of Dr. Brzusek's independent medical examination to support the determination that plaintiff's spinal impairment was not aggravated by the accident that plaintiff alleges caused his pain symptoms. AR 15. The portion of Dr.

1  Brzusek's report cited by the ALJ states that Dr. Brzusek reviewed records from Dr.

2  Bauer and Dr. Wray. AR 329-330. Dr. Brzusek explained that Dr. Bauer and Dr. Wray

3  found that plaintiff had degenerative changes in his neck and back before the May 5,

4  2015 accident and that they did not believe the accident aggravated plaintiff's condition.

5  AR 330.

6  However, Dr. Brzusek did not adopt Dr. Bauer and Dr. Wray's opinions. AR 326-

7  331. Dr. Brzusek reviewed a number of medical records and rejected Dr. Bauer and Dr.

8  Wray's conclusions. AR 326-331. In fact, Dr. Brzusek concluded that plaintiff suffered

9  injuries as a result of the 2015 injury. AR. 330-331. Dr. Brzusek also concluded that the

10 injury aggravated plaintiff's pre-existing chronic degenerative back pain, degenerative

11 disc disease and arthritis. AR 330-331. Accordingly, Dr. Brzusek's report does not

12 support the position that plaintiff's condition was not aggravated by the 2015 injury and

13 does not contradict plaintiff's testimony.

14 Accordingly, Dr. Brzusek's report does not constitute a clear and convincing

15 reason to discredit plaintiff's testimony.

16     5) <u>Inconsistencies with objective medical evidence</u>

17 The ALJ found that the objective medical evidence in the record contradicted

18 plaintiff's testimony and indicated that plaintiff's spinal impairment appeared to be

19 improving since the alleged onset date. AR 14-15.

20 Inconsistency with objective evidence may serve as a clear and convincing

21 reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social*

22 *Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). However, an ALJ may not reject a

23 claimant's subjective symptom testimony "solely because the degree of pain alleged is

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added).

Additionally, a finding that a claimant's condition improved with treatment can serve as a clear and convincing reason for discounting the testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment successfully relieving symptoms can undermine a claim of disability).

However, an ALJ cannot selectively cite to portions of the record consistent with his or her conclusion while ignoring evidence consistent with a finding of disability. *See Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014); *see also Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'")

The ALJ cites to notes from the record indicating mild findings which purportedly contradicted plaintiff's testimony. The ALJ cited to a nerve conduction study that found that plaintiff had pain behavior with limited lumber flexion to 45 degrees, but had only mild degenerative spinal spurring and no sign of disc degeneration. AR 333. The nerve conduction study also found mild abnormalities in the upper extremities consistent with resolving or subacutechronic radiculopathy and normal findings in the lower extremities. AR 334. Next, the ALJ cited to a treatment record finding that plaintiff has multilevel

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

degenerative disc and degenerative facet changes with no greater than mild central canal stenosis and no root impingement. AR 379.

The ALJ also cited a note from an office visit with plaintiff's chiropractor which stated that Dr. Findlay and plaintiff agreed that plaintiff's spine was "much easier to adjust" than it had been in a long time. AR 411. Next, the ALJ cited to records indicating that plaintiff had normal gait and strength and only complained of pain during lumbar extension as evidence that plaintiff's condition is improving. AR 364-370. The ALJ also cited to plaintiff's workers compensation evaluation in which plaintiff displayed good posture and normal gait with the ability to heel and toe walk normally. AR 325. Finally, the ALJ states that plaintiff appeared to be improving since August 2018. AR 588-604.

The ALJ cites to certain records showing improvement in symptoms, but does not discuss other evidence in the record reporting worsening symptoms or indicating that plaintiff's pain symptoms wax and wane. See, AR 343-344, 380-382 (moderately antalgic gait with pain in lumbar spine and reduced range of motion), AR 346-351 (difficulty with physical therapy due to pain, sensitivity during transitions and increased reports of pain), AR 353-358 (plaintiff reporting increased pain symptoms during physical therapy), AR 361-363 (plaintiff reported increased pain symptoms, muscle weakness and loss of strength), AR 364-365 (radiology report finding moderate degenerative disc disease, mild to moderate arthritic change to lumbar and cervical spine), AR 366 (plaintiff reporting that his pain is the same and gets worse as the day progresses), AR 401-563 (reports from Dr. Findlay from 2016 to 2017 indicating that plaintiff's pain symptoms wax and wane), AR 588-604 (reports from Dr. Findlay in 2018

stating that plaintiff reported feeling worsening pain symptoms starting in September 2018 and plaintiff exhibited decreased range of motion).

The ALJ impermissibly cited only to portions of the record consistent with his conclusion while discounting evidence consistent with disability without explanation. Accordingly, the ALJ's cited evidence of mild findings and improved symptoms is not a clear and convincing reason to discount plaintiff's testimony.

Based on the foregoing discussion, the Court finds that the ALJ erred in evaluating plaintiff's testimony.

B. Step Four and Step Five Findings

Plaintiff contends that the ALJ erred in finding that plaintiff could perform his past relevant work and in the alternative, could perform jobs existing in significant numbers in the national economy. Dkt. 10 at 16-19. However, as this case must be remanded, and a proper evaluation of the evidence could potentially change the ALJ's RFC determination, the Court declines to consider whether the ALJ erred in his Step Four and Step Five findings.

C. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial

rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The errors identified in this Order are not harmless. It is unclear whether an appropriate evaluation of the evidence would cause the ALJ to change the hypotheticals provided to the Vocational Expert and potentially change the RFC. Therefore, the ALJ's decision is not legally valid.

D.  Remand for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

The parties agree that if this matter is reversed the Court should remand for further proceedings. Dkt. 10, Dkt. 11. The Court has determined that on remand the ALJ must re-evaluate plaintiff's testimony. Accordingly, there are outstanding issues which must be resolved and remand for further proceedings is appropriate.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 29th day of March, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 14