UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BENNETT,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendants.

Case No. C20-5202 TLF

ORDER

This matter is before the Court on plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). *See* Dkt. 19. Defendant responded to plaintiff's motion on May 27, 2022. Dkt. 21. Plaintiff submitted a reply. Dkt. 22. This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13.

Plaintiff's counsel Maren Bam (hereinafter, "Petitioner") seeks an order granting her $19,052.93 in attorney's fees pursuant to § 406(b), to be paid by the Commissioner. For reasons stated below, the Court DENIES the motion.

Maren Bam, Esq., represented plaintiff in his civil action before this Court for judicial review of the Commissioner's decision to deny plaintiff's application for disability insurance benefits. This Court remanded the matter to the Social Security Administration for further proceedings (Dkt. 13), and on October 8, 2021, this Court issued an order granting attorney's fees and costs in the amount of $6,939.85 under the

1  Equal Access to Justice Act (EAJA). Dkt. 18. On March 24, 2022, an ALJ issued a

2  favorable decision for disability insurance benefits. Dkt 19.

3      Petitioner Bam and plaintiff entered into a contingency agreement, which states

4  that the attorney will request a fee equal to 25% of the past due benefits that are

5  awarded to plaintiff in the event she wins his case. Dkt. 20 at 16. Plaintiff's past due

6  benefits were calculated by the Agency to total $127,971.10. Dkt. 20 at ¶5. Petitioner

7  Bam then filed the instant motion in this Court.

8      Although the Court cannot order the Commissioner to pay the attorney's fee

9  awarded for court representation, the Administration has a mechanism to assist

10  petitioner in recovering an attorney's fees award from plaintiff. When the Administration

11  prematurely releases withheld funds  to the claimant, the attorney may request the

12  Administration to bring overpayment proceedings to recover the funds from the claimant

13  on the attorney's behalf. *See* 42 U.S.C. § 404 (providing for recovery of

14  overpayments); 20 C.F.R. § 404.501 (permitting recovery of funds directly payable to

15  the claimant's attorney); POMS GN 03920.055.C (explaining procedures for recovering

16  funds by reducing monthly payments to the client, for attorney fees under 42 U.S.C. §

17  406(b), payable to the attorney).

18              I.      **DISCUSSION**

19      An attorney who successfully represents a Social Security benefits claimant in

20  court may be awarded "a reasonable fee ... not in excess of twenty-five percent of the

21  total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). The

22  fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.*

23

24

25

1    Attorneys may not obtain additional fees based on a claimant's continuing entitlement to

2    benefits. *Id.*

3          The Ninth Circuit addressed the issue of calculating attorney's fees for Social

4    Security benefits in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). "[A] district court

5    charged with determining a reasonable fee award under § 406(b) must respect ... 'lawful

6    attorney-client agreements ... looking first to the contingent-fee agreement, then testing

7    it for reasonableness.'" *Crawford,* at 1148 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789,

8    793 (2002)). A district court has discretion in evaluating the reasonableness of the

9    attorney-client fee agreement. *Crawford*, at 1151. Furthermore, "the court may properly

10   reduce the fee for substandard performance, delay, or benefits that are not in proportion

11   to the time spent on the case." *Id*.

12         Here, the attorney-client fee agreement appears reasonable under the standards

13   established in § 406(b) and *Crawford*. The fee agreement provides the following

14   regarding attorney's fees: If the claim progresses beyond that level of the administrative

15   appeals process, Attorney will request a fee through the fee petition process up to 25%

16   of past-due benefits to Client. Dkt. 20 at 16.

17         The twenty-five percent provided for in this agreement matches the twenty-five

18   percent cap in § 406(b). Based on plaintiff's award of $127,971.10 and the fee

19   agreement, Plaintiff's counsel would be entitled to a fee of $31,992.76 ($127,971.10 x

20   0.25=$31,992.76). There has been no showing that plaintiff's counsel performed in a

21   substandard way, acted in a manner that caused undue delay, or any other effort or lack

22   of effort that would be out of proportion to plaintiff's award. *Crawford*, 586 F.3d at 1151.

23   *see, e.g., Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003). The

24

25

attorney-client fee agreement is reasonable under § 406(b) and *Crawford*. If the Secretary had reserved the total § 406(a) and (b) amount, Plaintiff's counsel would properly receive the $31,992.76 fee.

Petitioner was granted a fee for representation of the Claimant at the Administrative level. This fee was granted at the statutory maximum of $6,000.00, and Petitioner voluntarily reduced this fee request by that amount. Thus, Plaintiff's counsel requests $25,992.76 under 406(b).

Fees may be awarded under both EAJA and § 406(b), but the claimant's attorney must "refund to the claimant the amount of the small fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Because plaintiff's counsel is requesting a fee award under § 406(b) and she has already received a fee of $6,939.85 under EAJA, she is obligated to refund plaintiff the amount of the smaller fee. *See id.* Petitioner therefore requests that payment of her § 406(b) fee be reduced by $6,939.85, representing the EAJA fee awarded to Petitioner in this case, as a "more efficient alternative to refunding the fee." Dkt. 20 at 3. *See also Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir.2012).

In this case, the Commissioner withheld $6,000 of past due benefits, which was paid out on May 6, 2022 as an award of Section 406(a) fees. The remaining past due benefits were paid or released to plaintiff. Thus, the Commissioner has not withheld funds sufficient to satisfy the award of Section 406(b) fees.

The Commissioner typically withholds a total of twenty-five percent of past-due benefits from which to pay attorney fees under § 406(a) and § 406(b). *See* 42 U.S.C. §§ 406(a)(4), (b)(1)(A); *Culbertson v. Berryhill,* 139 S. Ct. 517, 523 (2019) (noting that the

1    agency has a discretionary policy of withholding "only one pool of 25% of past-due

2    benefits" to pay attorney fees under both § 406(a) and § 406(b), and thus the

3    Commissioner's direct payment of fees to the attorney out of the past-due benefits

4    "could be less than the fees to which the attorney is entitled").

5            The Court lacks authority to order the Commissioner to pay fees when it has not

6    withheld sufficient funds. *See, e.g.*, *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455,

7    458 (6th Cir. 2016) ("[T]he Commissioner could not be ordered to pay the fee 'out of'

8    Booth's past-due benefits because those benefits had already been disbursed."); *Goff v.*

9    *Sullivan,* 739 F. Supp. 494, 498 (D. South Dakota, W.D. 1990) ("[T]he Secretary cannot

10   pay any more fees than have been withheld . . . .").

11           And, the Commissioner is immune from claims for payment of attorney's fees out

12   of the Administration's own funds absent a waiver of sovereign immunity, and the

13   Commissioner has not waived immunity."); *Facciuto v. Berryhill*, 2018 WL 5095420, at

14   *2 (C.D. Cal. Oct. 16, 2018) (§ 406(b) award "shall be paid by the Commissioner directly

15   to Plaintiff's counsel only to the extent that the withheld funds constituting 25 percent of

16   Plaintiff's past-due benefits are still available and unexhausted"); *Dobson v. Comm'r of*

17   *Soc. Sec.*, 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013) ("Even though an attorney

18   may be awarded a combined fee under sections 406(a) and 406(b) that exceeds 25

19   percent of a claimant's past-due benefits, the Commissioner only withholds 25 percent

20   of past-due benefits for direct payment to the attorney and may not be required to pay

21   any additional fees to counsel." (citing 42 U.S.C. §§ 406(a)(4), (b)(1)(A))). Further,

22   406(b) provides that the Commissioner "may" certify the funds.  42 U.S.C. §

23   406(b)(1)(A). *see also* 20 C.F.R. § 404.1728(b) ("[W]e *may* pay the attorney the

24

25

amount of the fee out of, but not in addition to, the amount of the past-due benefits payable." (emphasis added)).

      For these reasons, this Court DENIES petitioner's motion for an order directing the Commissioner to pay attorney's fees under 406(b).

      Dated this 27th day of July, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER - 6