UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BENNETT,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendants.

Case No. C20-5202 TLF

ORDER

This matter comes before the Court on petitioner's motion for reconsideration. Dkt. 24. For the reasons set forth herein, petitioner's motion for reconsideration is DENIED.

## BACKGROUND

On July 27, 2022, this Court denied plaintiff's counsel Maren Bam's (hereinafter, "Petitioner") motion seeking an order granting her $19,052.93 in attorney's fees pursuant to § 406(b), to be paid by the Commissioner. Dkt. 23. The Court acknowledged that the Commissioner did not withhold funds sufficient to satisfy the award of Section 406(b) fees, but informed Petitioner that the Court lacks the authority to order the Commissioner to pay fees when it has not withheld sufficient funds.

In Petitioner's motion for reconsideration, she states that the Court's order overlooked the primary object of her motion, which requested an order awarding attorney's fee to be payable to plaintiff's attorney. Dkt. 25 at 1. Petitioner points to her

ORDER - 1

reply brief in which she requests, as an alternative course, that the Court issue an order granting attorney's fees and direct the Claimant, Mr. Bennett, to remit payment of $19,052.93 to refund the EAJA to the Claimant. In the instant motion for reconsideration, Petitioner states that she cannot recover attorney fees from the Claimant directly without an order from this Court. Petitioner states that she does not seek to disturb the Court's order regarding the issue of direct payment from the Commissioner. Dkt. 25 at 2.

## DISCUSSION

Motions for reconsideration are generally disfavored under the Court's local rules:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. CR 7(h)(1). Such motions are an "extraordinary remedy," and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

Petitioner requested that the Court direct Mr. Bennett, the claimant, to pay her – and raised this issue for the first time in her reply brief. Dkt. 25 at 2. Ordinarily, the Court will not consider issues raised for the first time in a reply brief. District courts in this Circuit have ruled that "it is improper for a party to raise a new argument in a reply brief[,]" largely because the opposing party may be deprived of an opportunity to

ORDER - 2

1 respond. *United States v. Boyce*, 148 F.Supp.2d 1069, 1085 (2001). However, a "district court ha[s] discretion to consider [an] issue even if it was raised in a reply brief." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202 (9th Cir. 2001).

Petitioner asks the Court to issue an order granting attorney's fees and direct the claimant, Mr. Bennett, to remit payment of $19,052.93. The Court will not review this issue, because it was raised for the first time in a reply brief. And, petitioner has not pointed to any case law or statutes to indicate this Court is required or authorized to issue such an order.

For all of these reasons, the Court DENIES Petitioner's motion.

Dated this 27th day of September, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3