UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD BENNETT,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ,

Defendant.

Case No. 3:20-cv-05202-TLF

ORDER

This matter is before the Court on remand from the Ninth Circuit Court of Appeals, Case No. 22-35901. On July 27, 2022, this Court denied plaintiff's motion for attorney's fees because the Court lacked authority to order the Commissioner to pay fees when it had not withheld sufficient funds. Dkt. 23. The Court also denied plaintiff's motion for reconsideration. Dkt. 26. On November 11, 2022, plaintiff appealed that decision to the Ninth Circuit Court of Appeals. Dkt. 27. The Ninth Circuit issued a memorandum reversing the Court's order and remanding for a determination of an award of attorney's fees. Dkt. 29. The formal mandate of the Ninth Circuit was entered on May 4, 2026. *See* Dkt. 32.

ORDER - 1

This Court previously found the attorney-client fee agreement here appeared reasonable under the standards established in 42 U.S.C. § 406(b) and *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir. 2009). Dkt. 23. The Commissioner does not object to the amount requested. Dkt. 21 at 1. Based on plaintiff's award of $127,971.10 and the fee agreement, plaintiff's counsel would be entitled to a fee of $31,992.76 ($127,971.10 x 0.25=$31,992.76). Plaintiff's counsel was granted a fee at the statutory maximum of $6,000 for representation at the administrative level. Dkt. 20 at 3. Plaintiff's counsel voluntarily reduced this fee request by that amount, and thus requests $25,992.76 under § 406(b). Dkt. 19.

Plaintiff's counsel has already received a fee of $6,939.85 under the Equal Access to Justice Act (EAJA). *See* Dkt. 18. Fees may be awarded under both § 406(b) and EAJA, but the claimant's attorney must "refund to the claimant the amount of the small fee." *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002). To satisfy this obligation, plaintiff's counsel has requested that payment of her § 406(b) fee be reduced by $6,939.85, the amount of the EAJA award, "as a more efficient alternative to refunding the fee." Dkt. 20 at 3 (citing *Parrish v. Comm'r of Soc. Sec. Admin.,* 698 F.3d 1215, 1221 (9th Cir. 2012).

Here, the Commissioner withheld $6,000 of past due benefits, paid out on May 6, 2022, as an award of § 406(a) fees. Dkt. 21 at 1. The remaining past due benefits were paid or released to plaintiff. *Id.* Thus, the Commissioner has not withheld funds sufficient to satisfy the award of § 406(b) fees. This Court lacks authority to order the Commissioner to pay fees when it has not withheld sufficient funds. *See, e.g., Booth v. Comm'r of Soc. Sec.,* 645 F. App'x 455, 458 (6th Cir. 2016) ("[T]he Commissioner could

ORDER - 2

not be ordered to pay the fee 'out of' Booth's past due benefits because those benefits had already been disbursed."); *Dobson v. Comm'r of Soc. Sec.,* 2013 WL 6198185, at *5 (E.D. Cal. Nov. 27, 2013) ("[I]t was not the court's intention to order the Commissioner to directly pay plaintiff's counsel any section 406(b) fees awarded in excess of the withheld past-due benefits, nor does the court have the statutory authority to do so.").

That said, a court order awarding attorney's fees is required for an attorney to proceed with an action for payment, either through the claimant or through agency procedures. *Crawford,* 586 F.3d at 1147 (citing 42 U.S.C. § 406(b)(2)) ("[T]he court-awarded fee is the only way a successful SSDI attorney may recover fees for work performed before the district court. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court.").

Accordingly, it is ORDERED that plaintiff's attorney, Maren Bam, be awarded a gross attorney fee of $25,992.76, reduced by the EAJA fees of $6,939.85 previously awarded, leaving a net fee of $19,052.93. The Court declines to provide specific instructions on how the fee is to be recovered, as "the consequences of [a shortage of withheld benefits] are best addressed to the agency, Congress, or the attorney's good judgment." *Culbertson v. Berryhill,* 586 U.S. 53, 62 (2019).

//

//

Dated this 28th day of May, 2026

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3